IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JERRY CAGLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-5072-SSA-CV-SW-MJW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Jerry Cagle seeks judicial review[1] of a final administrative decision denying plaintiff Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI.

The parties' briefs are fully submitted, and an oral argument was held on May 6, 2015. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Here, plaintiff was forty years-old on his alleged onset date and based his application for disability benefits primarily on back and knee problems, anxiety, and depression. The ALJ concluded at step three of the evaluation process that plaintiff's impairments did not meet or medically equal any of the Commissioner's listed impairments. When reaching this conclusion, the ALJ erred by failing to properly assess the medical evidence concerning the plaintiff's ability to ambulate and to properly address the requirements of listing 1.02. Consequently, this Court finds that the administrative record is not sufficiently developed to make a determination of whether substantial evidence supported the ALJ's decision. Cf. Boettcher v. Astrue, 652 F.3d 860, 863 (8th Cir. 2011) ("There is no error when an ALJ fails to explain why an impairment does not equal one of the listed impairments as long as the overall conclusion is supported by the record").

This case is therefore remanded for further development of the evidence by the Commissioner. See Scott ex rel. Scott v. Astrue, 529 F.3d 818, 822 (8th Cir. 2008) (remand is appropriate where the ALJ's factual findings, considered in light of the record as a whole, are insufficient to permit the Court to conclude that substantial evidence supports the ALJ's findings that the claimant did not meet or medically equal the listing). The Commissioner is ordered to revisit step three of the evaluation process to properly consider the medical evidence concerning

2

plaintiff's ability to ambulate effectively.  In doing so, the Commissioner shall properly weigh the opinion of the treating physician and resolve any inconsistencies within the consultative examiner's opinion.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded pursuant to Sentence 4 for further consideration and development of the record as set forth herein.

Dated this 7th day of May, 2015, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge